■ In the Matter of FLOYD SARISOHN, Petitioner, v. RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 to review a determination of the respondent Superintendent of Insurance which denied petitioner's applications for licensure as an insurance agent and as an insurance broker, upon finding him not trustworthy to act in either capacity. (See Insurance Law, § 114, subd. 4, as to agent's license, and § 119, subd. 2, as to broker's license.) By order of the Appellate Division, Second Department, respondent had been removed from office as Judge of the Suffolk County District Court and prohibited from holding any judicial office, appointive or elective. The Appellate Division's order rested upon the court's findings of misconduct, as specified in five charges. (*Matter of Sarisohn*, 29 A D 2d 91, affd. 22 N Y 2d 808, cert. den. 393 U. S. 1116; 27 A D 2d 466, revd. 21 N Y 2d 36.) The administrative determination now before us for review concludes: " The acts and conduct of applicant which resulted in his removal as a judge and prohibition against holding any judicial office, appointive or elective, demonstrate his untrustworthiness. This conclusion is clearly supported by the findings of the Appellate Division. Upon consideration of all the facts and evidence herein, I do not deem applicant to be trustworthy within the contemplation

of Sections 114 and 119 of the Insurance Law." The Appellate Division's findings were of various acts of misconduct. Petitioner tampered with records of his court by causing an entire docket page to be erased with ink eradicator (27 A D 2d 466, 470); and in connection with this charge the Court of Appeals stated: "Significantly, appellant testified in contradiction to the court witnesses that he had not directed the obliteration, and in contradiction of an affidavit he himself had made in an official investigation of the occurrence" (21 N Y 2d 36, 46). In the course of a discussion prior to the trial of a $107 property damage action, he demanded of the woman defendant, who had been mistakenly sued, and who, of course, had not at that juncture been sworn, that she tell him the name of the driver of an automobile involved, which had emerged from her driveway, and upon her refusal caused her to be confined in a cell, from which she was released when she consented to pay $87.50 in settlement of plaintiff's claim; and despite the clear proof to the contrary, petitioner in his testimony under oath denied that he had directed the incarceration. (27 A D 2d 466, 470–471; 21 N Y 2d 36, 44–45.) Contrary to the instructions of the Presiding Judge of the District Court, petitioner assumed jurisdiction of a speeding case not properly before him and disposed of it by a fine of $10 and a suspended sentence, causing the record to recite a guilty plea by the defendant, a newspaperman friend who had written articles concerning him. (27 A D 2d 466, 471; 21 N Y 2d 36, 45.) The other substantiated charges indicate similar oppressive conduct and reckless defiance of elementary standards of justice and fair play, and one of them, indeed, reflects petitioner's exercise of the same near-extortionate coercion which the case of the woman mistakenly sued suggests. Certainly these acts and such others as the destruction of records, even without the obvious false swearing in respect of two of the charges, fully warranted the Superintendent's finding of untrustworthiness. Petitioner's arguments are advanced largely in avoidance. He asserts, for example, that because he is a lawyer he is entitled to be an insurance broker and agent, apparently on the completely specious theory that the certificate of good character prerequisite to his admission to the bar forecloses inquiry by the Superintendent of Insurance as to his trustworthiness as of a time many years later. Petitioner's additional arguments are equally insubstantial and none is such as to require discussion. Determination confirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam*.